■ MILDRED KAPLAN, Respondent-Appellant, v. MORRIS KAPLAN, Appellant-Respondent.— In an action to set aside a separation agreement, the parties cross-appeal as follows from an order of the Supreme Court, Kings County, dated June 5, 1962: (a) the defendant husband appeals from so much of said order as granted the plaintiff wife's motion to the extent of directing him to produce certain books, records and documents for her general discovery and inspection and to submit to a pretrial examination as to any relevant matter disclosed by such discovery and inspection; and (b) the wife cross-appeals from so much of said order as denied her motion insofar as it sought discovery and inspection of certain exhibits which had been marked for identification during prior pretrial examinations of the respective parties. On the husband's appeal: Order, insofar as appealed from, reversed, on the law and facts, without costs;

and the wife's motion, insofar as it sought to obtain a general discovery and inspection of the books and records of the husband and his various corporations, and to direct him to submit to pretrial examination as to any relevant matter disclosed by such discovery and inspection, denied. On the wife's cross appeal: Order, insofar as appealed from, affirmed, without costs. The gravamen of the wife's cause of action is that she entered into the separation agreement in reliance upon the husband's representation that his income was $18,000 per annum; and that such representation was false. The purpose of her motion for a general discovery and inspection was to establish that his income was substantially in excess of $18,000 per annum. The husband does not dispute, and he testified at his prior pretrial examination, that his income in 1956 was over $25,000; in 1957, over $32,000; and in 1958, 1959 and 1960, over $50,000 per annum. For the purposes of this action, therefore, a general discovery and inspection is, in our opinion, unnecessary. For the same reason there is no necessity for plaintiff to have a discovery and inspection of the exhibits submitted upon the prior pretrial examinations. We pass on no other question. (For prior appeals in this action, see *Kaplan* v. *Kaplan,* 10 A D 2d 888, 980; 13 A D 2d 995.) Ughetta, Kleinfeld and Rabin, JJ., concur; Beldock, P. J., and Hill, J., dissent and vote to affirm the order insofar as appealed from by the husband, and to dismiss the wife's cross appeal as academic, with the following memorandum: The action is to set aside a separation agreement, dated September 30, 1957, on the ground that defendant's representation of his then income was false. Following his pretrial examination on various dates in 1960 and 1961, at which he testified as to his income for the years 1956–1960, plaintiff in 1962 moved: (a) for permission to make copies of certain exhibits marked for identification on the prior pretrial examinations of the parties; and (b) for a general discovery and inspection of certain books and records for the years 1954 to date. Special Term denied the first part of the motion because it was included in the second part, and granted the second part. In our opinion, the order was proper. The Court of Appeals has expressly held that in cases such as the present one, the wife is not limited to a pretrial examination with respect to the husband's income for the year in which the separation agreement was entered into; and that the years subsequent thereto and up to the time of trial may also be included (*Harding* v. *Harding,* 236 N. Y. 514; *Brown* v. *Brown,* 239 N. Y. 518). In her proof at the trial the plaintiff should not be confined to the amount of income in 1956 and 1957 which defendant now admits. She should be permitted to prove that his actual income was much greater, and thus be able to show the extent of the fraud practiced upon her.